AC-1997-35                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Rafael A. Nadal Arcelay <br>      Recurrente <br><br>      v. <br><br> Departamento de Recursos Naturales y Ambientales <br>      Recurrido | Certiorari <br><br> 2000 TSPR 59 |

Número del Caso: AC-1997-0035

Fecha: 07/04/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Juez Ponente: Hon. Guillermo Arbona Lago

Abogada de la Parte Recurrente: Lcda. Mayra J. Serrano Borges

Abogada de la Parte Recurrida: Cancio, Nadal, Rivera & Díaz
                               Lcda. Sara E. Tolosa Ramírez

Materia: Revisión de Decisión de Agencia Administrativa

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Rafael A. Nadal Arcelay

  Recurrente Apelado

  v.

                               AC-97-35

Departamento de Recursos
Naturales y Ambientales

  Recurrido Apelante

PER CURIAM

San Juan, Puerto Rico, a 7 de abril de 2000.

El Departamento de Recursos Naturales y Ambientales, ("D.R.N.A.") solicita la revisión de una sentencia emitida por el Tribunal de Circuito de Apelaciones que revocó una multa administrativa impuesta al Sr. Rafael Nadal Arcelay, por considerar que la disposición estatutaria bajo la cual impuso dicha multa adolecía del defecto de vaguedad.

Por considerar que un análisis estatutario de las disposiciones impugnadas sostienen la imposición de la multa, revocamos.

I

El 18 de junio de 1994, el Lcdo. Rafael Nadal Arcelay se encontraba en posesión y uso de una lancha Bertran de cuarenta y dos (42) pies de eslora en el sector conocido como Cayo Luis Peña del Municipio de Culebra, cuando el guardia Félix Astor le expidió un boleto, imponiéndole una multa de mil doscientos dólares ($1,200.00) por no haber renovado el certificado de inscripción de la embarcación, según lo dispone el artículo 18 de la Ley Núm. 48 de 26 de junio de 1986, 12 L.P.R.A. sec. 1395 (b).

El Lcdo. Nadal Arcelay impugnó la expedición del boleto ante el D.R.N.A., alegando que la embarcación tenía un certificado de inscripción vigente expedido por el Servicio de Aduanas Federal y por la Guardia Costanera.

El 8 de junio de 1995, después de haberse celebrado una vista administrativa, el D.R.N.A. emitió resolución mediante la cual concluyó que el certificado de documentación de la Guardia Costanera no constituía un certificado de inscripción a los efectos de ley, y no le eximía del pago de derechos al Estado. El Oficial Examinador redujo la cuantía de la multa administrativa de mil doscientos dólares ($1,200.00) a mil dólares ($1,000.00), en atención a que el Lcdo. Nadal Arcelay no era el dueño de la embarcación y había hecho algunos trámites para renovar la inscripción.

El licenciado Nadal Arcelay solicitó reconsideración, la cual fue declarada sin lugar. Oportunamente presentó un recurso de revisión ante el Tribunal de Primera Instancia. Después de algunos incidentes procesales ante dicho Tribunal, el recurso fue trasladado al Tribunal de Circuito de Apelaciones de conformidad con el Artículo 9.004 de la Ley de la Judicatura de 1994, según enmendada.

El Tribunal de Circuito de Apelaciones dictó sentencia revocando la multa administrativa impuesta por el D.R.N.A., por considerar que la misma fue impuesta en virtud de unas disposiciones que carecen de parámetros suficientes para guiar de forma uniforme la imposición de la

multa.  Determinó el Tribunal Apelativo que, al así proceder, el D.R.N.A. actuó en contravención a la prohibición constitucional que garantiza el debido proceso de ley y la igual protección de las leyes, por lo que la imposición de la multa constituyó un acto nulo en derecho.

Habiendo examinado el expediente del caso y los alegatos de las partes, resolvemos.

II

La Ley Núm. 48 del 27 de junio de 1986, 12 L.P.R.A. secs. 1391-1397e, tiene el propósito de reglamentar el uso recreativo de los balnearios y establecer medidas de seguridad con respecto a las embarcaciones que naveguen en aguas del Estado Libre Asociado de Puerto Rico.  El Art. 16 de dicha ley, 12 L.P.R.A. sec. 1395, impone el requisito de numeración e inscripción en el D.R.N.A. de las embarcaciones de motor que se encuentren en las aguas territoriales de Puerto Rico.  La numeración y registro conlleva el pago de derechos conforme a la clasificación que establece el Artículo 17 de la Ley Núm. 48, 12 L.P.R.A. sec. 1395a, el cual en lo pertinente reza:

> El dueño de toda embarcación o nave según se define en este Capítulo, que deba estar numerada y registrada, radicará una solicitud en el Departamento para que se le asigne un número en los formularios que a esos efectos suministrará el Departamento y que estarán disponibles al solicitante.
>
> La solicitud deberá estar acompañada del correspondiente pago de derechos al Secretario de Hacienda de Puerto Rico.  Los derechos a pagar se determinarán de acuerdo con la clase de embarcación, según clasificadas en la siguiente tabla:

CLASIFICACION DE EMBARCACIONES O NAVES

| CLASE | TAMAÑO | TARIFA |
|---|---|---|
| clase 1 | Menos de 16 pies de largo-------------- | $25 |
| clase 2 | 16 pies o más, pero menos de 22 pies----- | 50 |
| clase 3 | 22 pies o más, pero menos de 30 pies---- | 100 |
| clase 4 | 30 pies o más, pero menos de 40 pies---- | 200 |
| clase 5 | 40 pies o más, pero menos de 65 pies---- | 300 |

clase 6  65 pies o más------------------------400

El Art. 25 de la Ley Núm. 48 establece que toda persona que no inscriba su embarcación, no renueve la inscripción o deje de notificar el cambio de dueño dentro de los términos dispuestos en la ley "estará sujeta a una multa administrativa no mayor del derecho de registro anual de dicha embarcación multiplicado por cuatro (4)".  12 L.P.R.A. secs. 1395i.

Por su parte, la Sección 28 del Reglamento de Inscripción de Embarcaciones de Motor y Reglas Generales de Seguridad del 11 de marzo de 1988, aprobado por el Secretario del Departamento de Recursos Naturales de conformidad con la Ley Núm. 48, *supra*, dispone que las violaciones del Art. 25 de la Ley Núm. 48 serán punibles administrativamente según lo dispone dicho artículo.

En el caso de autos, al licenciado Nadal Arcelay se le impuso una multa administrativa de mil doscientos dólares ($1,200.00), equivalente al derecho de registro anual de una embarcación clase 5, de cuarenta y dos (42) pies de eslora, cuya tarifa es de trescientos dólares ($300.00), multiplicada por cuatro (4).

El Tribunal de Circuito de Apelaciones al examinar las disposiciones de ley impugnadas concluyó que, a tenor con lo establecido por el Art. 25 de la Ley Núm. 48, el ámbito de pena mínima a máxima era uno muy amplio, de un mínimo de un dólar ($1.00) a un máximo de mil doscientos dólares ($1,200.00), y que al no existir criterio en la ley o en el reglamento para efectuar una gradación uniforme, cada uno de los jueces administrativos podía adjudicar una misma situación de hechos en forma muy dispar, lo cual propiciaba una aplicación arbitraria y discriminatoria de la ley.  El Tribunal añadió que por no haberse promulgado normas que regulen la amplia discreción de la agencia, el ejercicio de los poderes administrativos se llevaba a cabo a base de consideraciones caso por caso, y no en función de ley o

reglamento igual para todos, lo cual hacía que las disposiciones impugnadas adolecieran del defecto constitucional de vaguedad.[1]

En su recurso el Procurador General señala que erró el Tribunal de Circuito de Apelaciones al decretar inconstitucional por vaguedad el Art. 25 de la Ley Núm. 48 de 26 de junio de 1986, 12 L.P.R.A. sec. 1395i y la sección 28 del Reglamento promulgado a tenor con la misma.[2] Sostiene que tanto la Ley Núm. 48, *supra*, como el Reglamento tienen estándares que guían la discreción administrativa y no adolecen de vaguedad.

Es principio de hermenéutica firmemente establecido, que el poder judicial debe esforzarse por lograr interpretaciones congruentes y compatibles con el mantenimiento de la constitucionalidad de una ley. *Banco Popular de Puerto Rico v. Municipio de Mayagüez*, 126 D.P.R. 653 (1990); *P.R.P v. E.L.A.*, 115 D.P.R. 631, 642 (1984); *Milán Rodríguez v. Muñoz*, 110 D.P.R. 610, 618 (1981); *Mari Bras v. Alcaide*, 100 D.P.R. 506, 513 (1972).

Es también una norma jurisprudencial de autolimitación judicial, que no se considerará el aspecto constitucional de una ley cuando se puede resolver un asunto mediante un análisis estatutario. *P.P.D. v. Admor. General de Elecciones*, 111 D.P.R. 199, 243 (1981); *Pacheco v. Srio. Instrucción Pública*, 108 D.P.R. 592, 601 (1979). Si al adoptarse una interpretación literal y rigurosa del estatuto se plantean

---

[1] El Tribunal de Circuito de Apelaciones llegó a dicha conclusión aplicando la norma de *Soto v. Srio. de Justicia*, 112 D.P.R. 477 (1982). Debemos señalar que la doctrina del caso de *Soto, supra,* no es de aplicación al caso de autos. En dicho ocasión resolvimos que por tratarse de legislación que sustraía del escrutinio público determinados documentos ligados a la fase investigativa de los sucesos del Cerro Maravilla, hacían falta normas claras y precisas que guiaran la discreción administrativa. Determinamos que la disposición impugnada debía interpretarse restrictivamente a favor del derecho del pueblo a mantenerse informado, y que por tratarse de una disposición íntimamente relacionada con la libertad de expresión y el libre flujo de ideas, era aplicable un análisis del escrutinio estricto. A diferencia de *Soto*, el caso de autos trata de la reglamentación de una actividad de carácter socio-económico.

[2] Tomamos conocimiento judicial de que los Artículos 16, 17, 18, 19 y 25 de la Ley Núm. 48 fueron enmendados por la Ley Núm. 6 de 6 de enero de 1998.

interrogantes y objeciones de carácter constitucional, el tribunal atemperará el estatuto, si ello fuere posible. *P.S.P. v. Comisión Estatal de Elecciones, 110 D.P.R. 400, 429 (1980).* Es a la luz de estos principios de hermenéutica y de autolimitación judicial que debemos evaluar si la determinación del Tribunal de Circuito de Apelaciones fue correcta.

Entendemos que existe una interpretación del Art. 25 de la Ley Núm. 48, *supra*, según la cual es innecesario considerar su aspecto constitucional. El texto que dice: "...estará sujeta a una multa administrativa no mayor del derecho de registro anual de dicha embarcación multiplicado por cuatro (4)" puede leerse e interpretarse, sin violentar el texto y el propósito de dicho estatuto, para que se entienda que estará sujeta a una multa administrativa que será equivalente al derecho de registro anual de dicha embarcación multiplicado por cuatro (4).

Esta lectura nos parece razonable. Más aun, un examen de la enmienda que sufrió el Art. 25 por la Ley Núm. 6 de 6 de enero de 1998, nos demuestra que ésta es la interpretación que el legislador tenía en mente. El Art. 25, según enmendado dispone:

> Toda persona que en violación a las disposiciones de este subcapítulo, no inscriba su embarcación o nave, o vehículo de navegación, no renueve el marbete o deje de notificar el cambio de dueño dentro de los términos dispuestos en este capítulo estará sujeto a una multa administrativa que será equivalente a la suma del derecho de registro anual de dicha embarcación o nave, o vehículo de navegación multiplicado por cuatro (4).

La interpretación que adoptamos es cónsona con nuestra jurisprudencia anterior que ha reconocido que una legislación posterior puede ser considerada para interpretar propiamente el alcance de la legislación anterior. R.E. Bernier, Aprobación e interpretación de las leyes en Puerto Rico, México, Ed. Cultura, 1963, pág. 123, citado con aprobación en Morales v. Adm. Sistemas de Retiro, 123 D.P.R. 589 (1989).

IV

De un examen del recurso de revisión surge que el licenciado Nadal Arcelay nunca planteó en su recurso de revisión la inconstitucionalidad del Art. 25 de la Ley Núm. 48, *supra*,[3] y que fue el Tribunal de Circuito de Apelaciones el que *motu proprio* abordó el planteamiento de constitucionalidad.

El tribunal apelativo hizo una lectura mecánica del texto y determinó que, de acuerdo al estatuto, el ámbito de multa a imponerse variaba desde un mínimo de un dólar ($1.00) a un máximo de mil doscientos dólares ($1,200.00), por lo cual el estatuto adolecía de vaguedad.[4] Al así actuar, el Tribunal de Circuito de Apelaciones no consideró si existía una interpretación del estatuto que, sin violentar su lectura y propósito, salvara su constitucionalidad. Obvió de este modo la norma reconocida de hermenéutica que dispone que el que un estatuto requiera interpretación, no quiere decir que adolece necesariamente de vaguedad. Vélez v. Srio. de Justicia, 115 D.P.R. 533, 544 (1984).

Consideramos que era innecesario juzgar la constitucionalidad de las disposiciones impugnadas, por existir un fundamento alterno que permitía disponer del caso. Díaz Aponte v. Comunidad San José, Inc., 130 D.P.R. 782 (1992). Un análisis de las disposiciones impugnadas nos lleva a concluir que es factible hacer un ejercicio de interpretación estatutaria que, siguiendo las normas de hermenéutica y de autolimitación judicial, nos lleve a leer el texto impugnado en el

---

[3] En su recurso ante dicho foro, Nadal Arcelay se limitó a señalar que la Resolución de la Agencia había sido emitida en contravención a la Ley de Procedimiento Administrativo Uniforme y que el D.R.N.A. le había impuesto una multa desproporcionada a la conducta constitutiva de infracción. Argumentó que el tribunal tenía amplia discreción para reducir la multa, tomando en consideración los factores atenuantes en su caso.

[4] Cabe señalarse que, lo determinante en la imposición de multas administrativas es que el estatuto establezca un tope máximo de la penalidad y no tiene que establecerse necesariamente un mínimo. Véase *Butz v. Glover Livestock Comissión Co. Inc., 411 U.S. 182, 185-186 (1973).*[4] Véase también la Sec. 7.1 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2201. *Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo,* Ed. Fórum 1993, págs. 106-107.

sentido de que se entienda que la multa administrativa <u>será equivalente</u> <u>al derecho de registro anual de dicha embarcación multiplicado por</u> <u>cuatro (4)</u>.

Al así resolver reiteramos el principio elemental de interpretación estatutaria de que cuando la validez de una ley está en entredicho y existen dos posibles interpretaciones, una de las cuales sería inconstitucional, los tribunales debemos adoptar la interpretación que sostendría su validez constitucional. <u>Ramirez de</u> <u>Ferrer</u> v. <u>Mari Bras</u>, res. 10 de abril de 1997, 144 D.P.R. ____ (1997).

Por los fundamentos anteriormente expuestos, se revoca la Sentencia del Tribunal de Circuito de Apelaciones y se sostiene la legalidad de la multa impuesta.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Rafael A. Nadal Arcelay

  Recurrente Apelado

    v.                                    AC-1997-35

Departamento de Recursos
Naturales y Ambientales

  Recurrido Apelante

SENTENCIA

San Juan, Puerto Rico, a 7 de abril de 2000.

    Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte integral de la presente, se revoca la sentencia del Tribunal de Circuito de Apelaciones y se sostiene la legalidad de la multa impuesta.

    Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.


                Isabel Llompart Zeno
         Secretaria del Tribunal Supremo