*In re* Zaida Hernández Torres, querellada.

*Número:* CC-2002-356 *Resuelto:* 15 de marzo de 2005

*Aida N. Molinary de la Cruz*, presidenta de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces o Juezas; *Nilsa Luz García Cabrera*, abogada de la Oficina de Administración de los Tribunales; *María Elena Vázquez Graziani*, abogada de la jueza querellada.

PER CURIAM: El 1 de marzo de 2000, la entonces Directora Administrativa de los Tribunales, Lcda. Mercedes M. Bauermeister, refirió una solicitud de investigación a la Oficina de Asuntos Legales de la Administración de los Tribunales ante alegadas expresiones públicas, de índole político partidista, por parte de la jueza Zaida Hernández Torres publicadas en distintos medios de comunicación del 12 de mayo de 1999 al 26 de enero de 2000.

El Lcdo. Nelson Canabal, abogado investigador de la Oficina de Asuntos Legales de la Administración de los Tribunales, rindió un informe de investigación a la licenciada Bauermeister el 23 de enero de 2001. Dicho informe contenía veintiún artículos periodísticos, referentes a las manifestaciones alegadamente vertidas por la jueza Hernández

Torres. El informe fue remitido con toda la prueba documental a la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces o Juezas (Comisión de Disciplina) el 26 de enero de 2001.

El 8 de febrero de 2001, el entonces presidente y director ejecutivo de la Comisión de Disciplina, Hon. Daniel López Pritchard, de acuerdo con la Regla 18 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones (*R. Proc. por Salud Jueces T.P.I. y T.A.*, 131 D.P.R. 630, 657 (1992)), designó a la comisionada Enid Martínez Moya para que examinara el referido informe y determinara si existía causa para iniciar un procedimiento disciplinario contra la jueza Hernández Torres.

Luego de varios trámites procesales, el 4 de abril de 2001 la comisionada Martínez Moya rindió su informe, en donde señaló la existencia de causa para iniciar el correspondiente procedimiento disciplinario por razón de unas expresiones vertidas en uno de los veintiún artículos periodísticos contenidos en el Anejo del Informe de Investigación. Consideró que las expresiones eran, alegadamente, violatorias de los Cánones I y XIII(f) e (i) de Ética Judicial, 4 L.P.R.A. Ap. IV–A. No encontró causa en cuanto a los restantes veinte artículos periodísticos ni tampoco recomendó la imposición de medida disciplinaria provisional alguna.

La Comisión de Disciplina emitió una resolución el 6 de abril de 2001, donde se le concedió a la Oficina de Asuntos Legales de la Administración de los Tribunales un plazo de sesenta días para incoar la correspondiente querella contra la jueza Hernández Torres ante este Tribunal.

El 7 de mayo de 2001 la Oficina de Asuntos Legales presentó ante este Tribunal la querella contra la jueza Hernández Torres, imputándole la comisión de tres cargos. Los cargos que se le imputaron a la jueza Hernández Torres fueron en relación con los Cánones I y XIII(f) e (i) de

Ética Judicial, ante. Asimismo, se le imputó la violación al Canon V de Ética Judicial, 4 L.P.R.A. Ap. IV–A, por no solicitar una autorización al Juez Presidente de este Tribunal sobre su intención de participar en entrevistas o cualquier actividad informativa.

Luego que la jueza Hernández Torres presentara la contestación a la querella, la comisionada Martínez Moya emitió un suplemento al informe de determinación de causa el 27 de junio 2001, para clarificar que no se encontró causa para iniciar un procedimiento disciplinario contra la jueza Hernández Torres por la violación del Canon XXIII de Ética Judicial, 4 L.P.R.A. Ap. IV–A. Reiteró que la determinación de causa se limitó a posibles violaciones de los Cánones I y XIII(f) e (i) de Ética Judicial, ante. En conformidad con este suplemento de informe de determinación de causa, el 28 de junio de 2001 la Comisión de Disciplina emitió una nueva resolución, reafirmando que sólo se encontró causa en cuanto a las expresiones vertidas en el artículo periodístico que corresponde al Anejo 21 del Informe de la Oficina de Administración de los Tribunales.

El 30 de junio de 2001, la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales presentó ante la Comisión de Disciplina un escrito titulado Solicitud para que se Deje sin Efecto Resolución y Eliminación de Suplemento a Informe de Determinación de Causa y Moción de Reconsideración, el cual fue declarado "sin lugar" el 31 de julio de 2001.

Así las cosas, en el Informe de conferencia entre las partes presentado el 14 de febrero de 2002, la parte querellante anunció como testigo de cargo durante la vista ante la Comisión de Disciplina a la jueza querellada Zaida Hernández Torres. El 19 de febrero de 2002 la representación legal de la jueza querellada presentó una moción al amparo de la Regla 29 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces o Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones, oponiéndose a su inclusión como

testigo de la parte querellante. *R. Proc. por Salud Jueces T.P.I. y T.A.*, ante, pág. 665. El 3 de abril de 2002 la Comisión de Disciplina declaró, mediante resolución, "con lugar" la moción de la parte querellada, por lo que *denegó* la petición de la parte querellante de traer como testigo de cargo a la jueza Hernández Torres.

Inconforme con la determinación, la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales presentó el 3 de mayo de 2002 ante este Tribunal un recurso de *certiorari* junto a una moción en auxilio de jurisdicción, solicitando la paralización de los procedimientos ante la Comisión de Disciplina. La Oficina de Administración de los Tribunales alegó que la Comisión de Disciplina había errado

> ... al desestimar el cargo número tres (3) de la querella bajo el fundamento de que sobre dicha materia la comisión determinó no causa probable para radicar querella de conformidad con la regla 18 de las reglas de procedimiento para acciones disciplinarias de jueces del tribunal de primera instancia y del tribunal de circuito de apelaciones.
> ... al determinar que la regla 29 de reglas de procedimiento para acciones disciplinarias de jueces del tribunal de primera instancia y del tribunal de circuito de apelaciones le garantiza al juez o jueza querellado un derecho absoluto a no ser obligado a declarar al amparo del derecho constitucional contra la auto incriminación. Petición de *certiorari*, pág. 6.

Expedimos el recurso para revisar, *únicamente*, el segundo error planteado por la parte peticionaria. Contando con la comparecencia de ambas partes y estando en posición de resolver el recurso presentado, procedemos a hacerlo así.

I

█ El Art. V, Sec. 11 de nuestra Constitución nos confiere la función de disciplinar y destituir los jueces de los demás tribunales "por las causas y mediante el procedimiento dispuesto por ley". Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 327.

■ Conforme a este mandato, la original Ley de la Judicatura de 1952, Ley Núm. 11 de 24 de julio de 1952, según enmendada, 4 L.P.R.A. sec. 1 *et seq.*, estableció unas pautas generales para atender los casos de destitución y separación de jueces, y además, delegaba en este Tribunal la aprobación de las reglas de procedimiento para el trámite de estas acciones.[1]

Al amparo de la función que nos delegó la Asamblea Legislativa y tomando en cuenta las recomendaciones recibidas en las Conferencias Judiciales de 1981, 1988 y 1989, y las más modernas tendencias sobre esta materia, aprobamos, mediante Resolución de 25 de septiembre de 1992 las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de los Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico (*R. Proc. por Salud Jueces T.P.I. y T.A.*, ante).[2] De igual forma, se creó la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces para auxiliar a este Tribunal en su responsabilidad de atender los asuntos de disciplina y de separación del servicio de los jueces de los tribunales inferiores. Véase Regla 17 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico, *R. Proc. por Salud Jueces T.P.I. y T.A.*, ante, pág. 654.

■ Conforme a la naturaleza de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico, hemos expresado que el procedimiento de disciplina o

---

[1] De igual manera se estableció en la *posterior* Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. 1 de 28 de julio de 1994 (4 L.P.R.A. sec. 22 *et seq.*); también lo dispone la *vigente* Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. sec. 24 *et seq.*).

[2] Dichas reglas fueron enmendadas posteriormente por este Tribunal mediante sendas resoluciones el 14 de julio de 1995 y el 5 de marzo de 1999.

separación de jueces resulta análogo al proceso en un caso criminal, ya que éste se divide en una fase investigativa y otra adversativa. *Ortiz v. Dir. Adm. de los Tribunales*, 152 D.P.R. 140 (2000).

■ La primera, la fase investigativa, se inicia cuando cualquier persona presenta una queja o solicitud de separación por escrito bajo juramento ante la Directora de la Oficina de la Administración de los Tribunales, quien informará de ello al Tribunal Supremo dentro de un plazo de veinte días desde su presentación. Véase la Regla 8 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico, *R. Proc. por Salud Jueces T.P.I. y T.A.*, ante, págs. 645–646. Esta fase podrá comenzar, de igual forma, mediante una solicitud de la Directora de la Oficina de Administración de los Tribunales o de cualquiera de los Jueces del Tribunal Supremo. Luego de presentada la queja o solicitud, se remitirá a la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales para que la investigue. Íd.

■ Luego de efectuado el trámite investigativo correspondiente, esta etapa del proceso culmina con una de dos determinaciones de Director de la Oficina de Administración de los Tribunales: (i) remitir el informe de investigación del caso a la Comisión de Disciplina para la continuación del procedimiento, o (ii) ordenar el archivo del asunto por carecer de méritos o por falta de prueba. En caso de ordenarse el archivo en esta etapa, el quejoso podrá presentar una reconsideración ante el Director. De confirmarse la decisión de archivar, el promovente podrá acudir en revisión ante el Juez Presidente del Tribunal Supremo.

■ Una vez remitido el informe de investigación a la Comisión de Disciplina, ésta designa a uno de sus comisio-

nados con el propósito de que éste haga la determinación de si existe causa probable para iniciar un procedimiento disciplinario. Véase la Regla 18 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico, *R. Proc. por Salud Jueces T.P.I. y T.A.*, ante. Si se determina la existencia de causa probable, el comisionado designado se inhibe de participar en los procedimientos posteriores y la Comisión requerirá de la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales que presente la querella correspondiente. Presentada la querella en la Secretaría de este Tribunal, comienza la segunda parte del proceso ante la Comisión de Disciplina, esta es, la fase adjudicativa.

■ Durante la fase adjudicativa, luego que el juez querellado presenta su contestación a la querella y se lleve a cabo el descubrimiento de prueba correspondiente, se celebrará una vista evidenciaria ante la Comisión de Disciplina para recibir prueba sobre la querella o petición de separación. En esta vista evidenciaria, las reglas le reconocen al juez querellado unos derechos dentro del procedimiento ante la Comisión de Disciplina. En lo pertinente, la Regla 29 para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico dispone:

*Regla 29. Procedimiento durante la vista*
Durante la vista, el juez tendrá derecho a confrontar e interrogar a los testigos de cargo, a examinar la prueba documental o demostrativa presentada en su contra y a presentar evidencia a su favor. Si el juez ha dejado de presentar su contestación, los cargos se considerarán negados. El no haber presentado contestación, optado por no comparecer a la vista *o negado a declarar no podrá ser considerado como evidencia respecto a la veracidad de los hechos imputados como funda-*

*mento para disciplinarlo o separarlo del servicio.*(³) No se hará inferencia de clase alguna respecto al ejercicio por el juez del derecho a no incriminarse. (Énfasis suplido.) *R. Proc. por Salud Jueces T.P.I. y T.A.*, ante, pág. 665.

■ Un examen de la referida disposición reglamentaria refleja los derechos que le asisten al juez querellado durante la vista ante la Comisión. Estos son: (1) confrontar e interrogar los testigos en su contra; (2) examinar la prueba documental o demostrativa en su contra; (3) presentar evidencia a su favor; (4) que los cargos se presuman negados si no presentó una contestación; (5) no comparecer a la vista; (6) *negarse a declarar*, y (7) no incriminarse. El propósito de esta regla es reconocerle al juez querellado los derechos constitucionales que el debido proceso de ley le garantiza. Véase Comentario, Regla 29 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico.(⁴) *R. Proc. por Salud Jueces T.P.I. y T.A.*, ante.

■ *En cuanto al derecho a no declarar, somos del criterio que la citada Regla 29 es categórica. El juez querellado no sólo tiene el derecho a negarse a declarar durante la vista ante la Comisión de Disciplina, sino que no se pueden hacer inferencias derivadas del ejercicio del juez querellado de su derecho a actuar así.*

---

(³) Un lenguaje un tanto similar se utiliza en el Art. II, Sec. 11 de nuestra Constitución, en donde se le reconoce a un acusado el derecho a no declarar en un procedimiento criminal. La referida disposición constitucional dispone, en lo pertinente: "el silencio del acusado no podrá tenerse en cuenta ni comentarse en su contra." Const. E.L.A., L.P.R.A., Tomo 1, ed. 1999, pág. 327.

(⁴) Resulta importante señalar que la Regla 13 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico (*R. Proc. por Salud Jueces T.P.I. y T.A.*, 131 D.P.R. 630, 650 (1992)) le impone la obligación al juez querellado de prestar una declaración jurada, de serle requerida, durante la etapa investigativa. *No* pasamos juicio sobre la validez de dicha disposición hoy por ello no estar ante nuestra consideración.

## II

La peticionaria Oficina de Administración de los Tribunales anunció en el Informe de Conferencia entre las partes su intención de traer como testigo de cargo a la jueza querellada durante la vista ante la Comisión de Disciplina. La juez querellada se opuso argumentando que bajo la Regla 29 de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico, ella tenía derecho a no declarar durante la vista, por lo que no podía ser llamada como testigo de cargo. *R. Proc. por Salud Jueces T.P.I. y T.A.*, ante.

La parte peticionaria argumenta que como los procedimientos disciplinarios no son de naturaleza criminal, a la jueza querellada no le cobija un derecho constitucional a rehusarse a declarar o a testificar; sostiene que solamente puede negarse a contestar preguntas que la puedan incriminar. *No* le asiste la razón.

 Como indicáramos anteriormente, *la citada Regla 29 es categórica al establecer el derecho que tiene el juez querellado a no declarar durante la vista ante la Comisión de Disciplina.* La interpretación que la parte peticionaria argumenta que debemos hacer de la Regla 29, ante, es *totalmente equivocada,* ya que va en contra del *lenguaje claro y terminante* de la referida disposición reglamentaria.(5)

 La Comisión de Disciplina tiene la obligación de

_____

(5) Es principio de hermenéutica que "cuando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada". Art. 14 del Código Civil, 31 L.P.R.A. sec. 14.

Es menester señalar, además, que en este caso resulta innecesario tener que hacer un análisis constitucional sobre el derecho a no declarar de un juez querellado en un procedimiento disciplinario. Es *norma reiterada* por este Tribunal que nos abstendremos de entrar a resolver asuntos constitucionales cuando puede resolverse la controversia por un fundamento alterno que permita disponer del caso. Véanse: *Nadal v. Depto. Rec. Nat.*, 150 D.P.R. 715, 723 (2000); *Srio. D.A.C.O. v. Comunidad San José, Inc.*, 130 D.P.R. 782, 794 (1992).

respetar los derechos que las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones de Puerto Rico le reconocen al juez querellado durante la etapa adversativa del procedimiento disciplinario. Es principio reiterado de derecho administrativo que cuando una agencia promulga un reglamento, por imperativo del debido proceso de ley, está obligada a seguirlo y no queda a su arbitrio reconocer o no los derechos que se establecen en éste. Véanse: *García Cabán v. U.P.R.*, 120 D.P.R. 167 (1987); *Díaz de Llovet v. Gobernador*, 112 D.P.R. 747 (1983); *García v. Adm. del Derecho al Trabajo*, 108 D.P.R. 53 (1978); D. Fernández Quiñones, *Derecho administrativo y Ley de Procedimiento Administrativo*, 2da ed., Colombia, Ed. Forum, 2001, pág. 307. Conforme a ello, la Comisión de Disciplina actuó correctamente al reconocerle el derecho a no declarar a la jueza Hernández Torres.

### III

En virtud de lo antes expuesto, *procede confirmar la resolución emitida por la Comisión de Disciplina, y devolver el caso a dicha Comisión para procedimientos ulteriores compatibles con lo aquí resuelto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri concurrió con el resultado sin opinión escrita.