EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Zaida Hernández Torres | 2005 TSPR 29 <br><br> 163 DPR \_\_\_\_ |

Número del Caso: CC-2002-356

Fecha: 15 de marzo de 2005

 Abogada de la Querellada:

                    Lcda. María Elena Vázquez Graziani

Oficina de Asuntos Legales de la Administración de los Tribunales:

                    Lcda. Nilsa Luz García Cabrera
                    Asesora Legal

Miembros de la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Circuito de Apelaciones:

                    Hon.  Aída N. Molinary de la Cruz
                    Lcdo. Flavio E. Cumpiano Villamor
                    Lcda. Delia Lugo Bougal
                    Lcdo. Carlos E. Ramos González
                    Lcdo. Ramón García Santiago
                    Lcdo. Ángel f. Rossy García
                    Sra.  Idalia M. Franco Cantino

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Zaida Hernández Torres

CC-2002-356        CERTIORARI

PER CURIAM

San Juan, Puerto Rico, a 15 de marzo de 2005

El 1 de marzo de 2000, la entonces Directora Administrativa de los Tribunales, Lcda. Mercedes M. Bauermeister, refirió una solicitud de investigación a la Oficina de Asuntos Legales de la Administración de los Tribunales ante una alegadas expresiones públicas, de índole político partidista, por parte de la Juez Zaida Hernández Torres publicadas en distintos medios de comunicación entre el 12 de mayo de 1999 al 26 de enero de 2000.

El Lcdo. Nelson Canabal, abogado investigador de la Oficina de Asuntos Legales de la Administración de los Tribunales, rindió un informe de investigación, el 23 de enero de 2001, a la Lcda. Bauermeister. Dicho informe contenía

veintiún (21) artículos periodísticos, referentes a las manifestaciones alegadamente vertidas por la Juez Hernández Torres. El informe fue remitido con toda la prueba documental a la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de los Jueces, el 26 de enero de 2001.

El 8 de febrero de 2001, el entonces Presidente y Director Ejecutivo de la Comisión de Disciplina, Hon. Daniel López Pritchard, a tenor con la Regla 18 de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones, designó a la Comisionada Enid Martínez Moya para que examinara el referido informe y determinara si existía causa para iniciar un procedimiento disciplinario contra la Juez Hernández Torres.

Luego de varios trámites procesales, el 4 de abril de 2001, la Comisionada Martínez Moya rindió su informe en donde encontró causa para iniciar el correspondiente procedimiento disciplinario por razón de unas expresiones vertidas en uno de los veintiún (21) artículos periodísticos contenidos en el Anejo del Informe de Investigación por ser alegadamente las mismas violatorias de los Cánones I y XIII (f)(i) de Ética Judicial. No se encontró causa en cuanto a los restantes veinte (20) artículos periodísticos ni tampoco se recomendó la imposición de medida disciplinaria provisional alguna.

La Comisión de Disciplina emitió una resolución, el 6 de abril de 2001, donde se le concedió a la Oficina de Asuntos Legales de la Administración de los Tribunales un plazo de sesenta (60) días para radicar la correspondiente querella en contra de la Juez Hernández Torres ante este Tribunal.

El 7 de mayo de 2001 la Oficina de Asuntos Legales presentó ante este Tribunal la querella contra la Juez Hernández Torres imputándole la comisión de tres cargos. Los cargos que se le imputaron a la Juez Hernández fueron en relación con los Cánones I y XIII (f)(i) de Ética Judicial. Asimismo, se le imputó la violación al Canon V de las Cánones de Ética Judicial por no solicitar autorización al Juez Presidente de este Tribunal sobre su intención de participar en entrevistas o cualquier actividad informativa.

Luego que la Juez Hernández Torres presentara la contestación a la querella, la Comisionada Martínez Moya emitió un Suplemento a Informe de Determinación de Causa, el 27 de junio 2001, para clarificar que no se encontró causa para iniciar un procedimiento disciplinario contra la Juez Hernández Torres por la violación del Canon XXIII de las Cánones de Ética Judicial. Reiteró que la determinación de causa se limitó a posibles violaciones de los Cánones I y XIII (f)(i) de Ética Judicial. De conformidad con este suplemento de informe de determinación de causa, el 28 de junio de 2001, la Comisión de Disciplina emitió una nueva resolución reafirmando que sólo se encontró causa en cuanto

a las expresiones vertidas en el artículo periodístico que corresponde al Anejo 21 del Informe de la Oficina de Administración de los Tribunales.

El 30 de junio de 2001, la Oficina de Asuntos Legales de la Administración de los Tribunales presentó ante la Comisión de Disciplina un escrito titulado "Solicitud para que se deje sin efecto resolución y eliminación de suplemento a informe de determinación de causa y moción de reconsideración", la cual fue declarada sin lugar el 31 de julio de 2001.

Así las cosas, en el Informe de Conferencia entre las Partes presentado el 14 de febrero de 2002, la parte querellante anunció como testigo de cargo durante la vista ante la Comisión de Disciplina a la Juez querellada Zaida Hernández Torres. El 19 de febrero de 2002, la representación legal de la Juez querellada presentó una moción al amparo de la Regla 29 de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación, oponiéndose a su inclusión como testigo de la parte querellante. El 3 de abril de 2002 la Comisión de Disciplina declaró, mediante resolución, con lugar la moción de la parte querellada por lo que denegó la petición de la parte querellante de traer como testigo de cargo a la Juez Hernández Torres.

Inconforme con la determinación, la Oficina de Asuntos Legales de la Administración de los Tribunales presentó el 3 de mayo de 2002 ante este Tribunal un recurso de *certiorari*

junto a una moción en auxilio de jurisdicción solicitando la paralización de los procedimientos ante la Comisión de Disciplina. La Oficina de Administración de los Tribunales alegó que la Comisión de Disciplina había errado:

> ...al desestimar el cargo número tres (3) de la querella bajo el fundamento de que sobre dicha materia la comisión determinó no causa probable para radicar querella de conformidad con la regla 18 de las reglas de procedimiento para acciones disciplinarias de jueces del tribunal de primera instancia y del tribunal de circuito de apelaciones.

> ...al determinar que la regla 29 de reglas de procedimiento para acciones disciplinarias de jueces del tribunal de primera instancia y del tribunal de circuito de apelaciones le garantiza al juez o jueza querellado un derecho absoluto a no ser obligado a declarar al amparo del derecho constitucional contra la auto incriminación.

Expedimos el recurso a los fines de revisar, únicamente, el segundo error planteado por la parte peticionaria. Contando con la comparecencia de ambas partes y estando en posición de resolver el recurso radicado, procedemos a así hacerlo.

I

El Art. V Sec. 11 de nuestra Constitución nos confiere la función de disciplinar y destituir los jueces de los demás tribunales "por las causas y mediante el procedimiento dispuesto por ley."

Conforme este mandato, la original Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 1952, Ley Núm. 11 de 24 de julio de 1952, según enmendada, 4 L.P.R.A. sec.

1 *et seq*, estableció unas pautas generales para atender los casos de destitución y separación de jueces, y además, delegaba en este Tribunal la aprobación de las reglas de procedimiento para el trámite de estas acciones.[1]

Al amparo de la función que nos delegó la Asamblea Legislativa y tomando en cuenta las recomendaciones recibidas en las Conferencias Judiciales de 1981, 1988 y 1989, y las más modernas tendencias sobre esta materia, aprobamos, mediante Resolución de 25 de septiembre de 1992, las Reglas de Procedimiento para Acciones Disciplinarias y de Separación del Servicio por Razón de Salud de Jueces del Tribunal de Primera Instancia y del Tribunal de Apelaciones, 131 D.P.R. 630 (1992).[2] De igual forma, se creó la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de Jueces para auxiliar a este Tribunal en su responsabilidad de atender los asuntos de disciplina y de separación del servicio de los jueces de los tribunales inferiores. Véase Regla 17 de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación.

Conforme a la naturaleza de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación, hemos

---

[1] De igual manera se estableció en la posterior Ley de la Judicatura de Puerto Rico de 1994, Ley Núm. de 28 de julio de 1994, 4 L.P.R.A. sec. 24 *et seq*; y también lo dispone la vigente Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24 *et seq*.

[2] Dichas reglas fueron enmendadas posteriormente mediante resolución por este Tribunal el 14 de julio de 1995 y el 5 de marzo de 1999.

expresado que el procedimiento de disciplina o separación de jueces resulta análogo al proceso en un caso criminal toda vez que éste se divide en una fase investigativa y otra adversativa. Ortiz Rivera v. Bauermeister, res. el 2 de octubre de 2000, 2000 T.S.P.R. 145.

La primera, la fase investigativa, se inicia cuando cualquier persona presenta una queja o solicitud de separación por escrito bajo juramento ante la Directora de la Oficina de la Administración de los Tribunales, quien informará de ello al Tribunal Supremo dentro de un plazo de veinte (20) días desde su presentación. Véase Regla 8 de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación; la misma, podrá comenzar, de igual forma, mediante una solicitud de la Directora de la Oficina de Administración de los Tribunales, o de cualquiera de los jueces del Tribunal Supremo. Luego de presentada la queja o solicitud, se remitirá a la Oficina de Asuntos Legales de la Administración de los Tribunales para que investigue la misma. *Ibíd*.

Luego de efectuado el trámite investigativo correspondiente, esta etapa del proceso culmina con una de dos determinaciones de la Directora de la Oficina de Administración de los Tribunales: (i) remitir el Informe de Investigación del caso a la Comisión de Disciplina para la continuación del procedimiento; o (ii) ordenar el archivo del asunto por éste carecer de méritos o por falta de prueba. En caso de ordenarse el archivo en esta etapa, el

quejoso podrá presentar una reconsideración ante la Directora. De confirmarse la decisión de archivar, el promovente podrá acudir en revisión ante el Juez Presidente del Tribunal Supremo.

Una vez remitido el Informe de Investigación a la Comisión de Disciplina, ésta designa a uno de sus comisionados con el propósito de que éste haga la determinación de si existe causa probable para iniciar un procedimiento disciplinario. Véase Regla 18 de las de Procedimiento para Acciones Disciplinarias y de Separación. Si se determina la existencia de causa probable, el comisionado designado se inhibe de participar en procedimientos posteriores y la Comisión requerirá de la Oficina de Asuntos Legales de la Oficina de Administración de los Tribunales que presente la querella correspondiente. *Ibíd*. Presentada la querella en la Secretaría de este Tribunal, comienza la segunda parte del proceso ante la Comisión de Disciplina, la fase adjudicativa.

Durante la fase adjudicativa, luego que el juez querellado presenta su contestación a la querella y se lleve a cabo el descubrimiento de prueba correspondiente, se celebrará una vista evidenciaria ante la Comisión de Disciplina para recibir prueba sobre la querella o petición de separación. En esta vista evidenciaria, las Reglas le reconocen al juez querellado unos derechos dentro del procedimiento ante la Comisión de Disciplina. <u>En lo</u>

pertinente, la Regla 29 de las Reglas para Acciones Disciplinarias y de Separación dispone:

Procedimiento Durante la Vista

Durante la vista, el juez tendrá derecho a confrontar e interrogar a los testigos de cargo, a examinar la prueba documental o demostrativa presentada en su contra y a presentar evidencia en su favor. Si el juez hubiere dejado de presentar contestación, los cargos se considerarán negados. El no haber presentado contestación, optado por no comparecer a la vista, o negado a declarar no podrá ser considerado como evidencia respecto a la veracidad de los hechos imputados como fundamento para disciplinarlo o separarlo del servicio.[3] No se hará inferencia de clase alguna respecto al ejercicio por el juez del derecho a no incriminarse. (énfasis suplido).

Un examen de la referida disposición reglamentaria refleja los derechos que le asisten al juez querellado durante la vista ante la Comisión. Estos son: (1) confrontar e interrogar los testigos en su contra; (2) examinar la prueba documental o demostrativa en su contra; (3) presentar evidencia a su favor; (4) a que los cargos se presuman negados si no presentó contestación; (5) a no comparecer a la vista; (6) negarse a declarar; (7) y el derecho a no incriminarse. El propósito de esta regla es reconocerle los derechos constitucionales que el debido proceso de ley le garantiza al juez querellado. Véase Comentarios a la Regla

---

[3] Un lenguaje un tanto similar se utiliza en el Artículo II Sección 11 de nuestra Constitución en donde se le reconoce a un acusado el derecho a no declarar en un procedimiento criminal. La referida disposición constitucional dispone en lo pertinente que: "el silencio del acusado no podrá tenerse en cuenta ni comentarse en su contra".

29 Reglas de Procedimiento para Acciones Disciplinarias y de Separación.[4]

En cuanto al derecho a no declarar, somos del criterio que la Regla 29 es categórica. El juez querellado no sólo tiene el derecho a negarse a declarar durante la vista ante la Comisión de Disciplina sino que no se pueden hacer inferencias derivadas del ejercicio del juez querellado de su derecho a así actuar.

II

La peticionaria Oficina de Administración de los Tribunales anunció en el Informe de Conferencia entre las partes su intención de traer como testigo de cargo a la Juez querellada durante la vista ante la Comisión de Disciplina. La Juez querellada se opuso argumentando que bajo la Regla 29 de las Reglas de Procedimiento para Acciones Disciplinarias y de Separación ella tenía derecho a no declarar durante la vista, por lo que no podía ser llamada como testigo de cargo.

La parte peticionaria argumenta que como los procedimientos disciplinarios no son de naturaleza criminal, a la Juez querellada no le cobija un derecho constitucional

---

[4] Resulta importante señalar que la Regla 13 de las de Procedimiento para Acciones Disciplinarias y de Separación le impone la obligación al juez querellado de prestar declaración jurada, de serle requerida, durante la etapa investigativa. No pasamos juicio sobre la validez de dicha disposición en el día de hoy por ello no estar ante nuestra consideración.

a rehusarse a declarar o testificar; sostiene que solamente puede negarse a contestar preguntas que la puedan incriminar. No le asiste la razón.

Como indicáramos anteriormente, la Regla 29 es categórica al establecer el derecho que tiene el juez querellado a no declarar durante la vista ante la Comisión de Disciplina. La interpretación que la parte peticionaria argumenta que debemos hacer de la Regla 29 es totalmente equivocada toda vez que va en contra del lenguaje claro y terminante de la referida disposición reglamentaria.[5]

La Comisión de Disciplina tiene la obligación de respetar los derechos que las Reglas de Procedimiento para Acciones Disciplinarias y de Separación le reconocen al juez querellado durante la etapa adversativa del procedimiento disciplinario. Es principio reiterado de Derecho Administrativo que cuando una agencia promulga un reglamento, por imperativo del debido proceso de ley, está obligada a seguirlo y no queda a su arbitrio reconocer o no

---

[5] Es principio de hermenéutica que "cuando la ley es clara libre de toda ambigüedad, la letra de ella no debe ser menospreciada." Artículo 14 del Código Civil, 31 L.P.R.A. sec. 14.

Es menester señalar, además, que en este caso resulta innecesario tener que hacer un análisis constitucional sobre el derecho a no declarar de un juez querellado en un procedimiento disciplinario. Es norma reiterada por este Tribunal que nos abstendremos de entrar a resolver asuntos constitucionales cuando puede resolverse la controversia por un fundamento alterno que permita disponer del caso. Véase Nadal v. Depto. Rec. Nat., 150 D.P.R. 715, 723 (2000); Srio. D.A.C.O. v. Comunidad San José, Inc., 130 D.P.R. 782, 794 (1992).

los derechos que se establecen en el mismo. Véase García Cabán v. U.P.R., 120 D.P.R. 167 (1987); Díaz Llovet v. Gobernador, 112 D.P.R. 747 (1983); García v. Administrador del Derecho al Trabajo, 108 D.P.R. 53 (1978); Demetrio Fernández Quiñónez, Derecho Administrativo y Ley de Procedimiento Administrativo, p. 307, 2da ed., Ed. Forum, 2001. Conforme a ello, la Comisión de Disciplina actuó correctamente al reconocerle el derecho a no declarar a la Juez Hernández Torres.


                              III

En virtud de lo antes expuesto, procede confirmar la resolución emitida por la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de los Jueces, y devolver el caso a dicha Comisión para procedimientos ulteriores consistentes con lo aquí resuelto.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Zaida Hernández Torres

                              CC-2002-356        CERTIORARI

SENTENCIA

San Juan, Puerto Rico, a 15 de marzo de 2005

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia confirmatoria de la resolución emitida por la Comisión de Disciplina y de Separación del Servicio por Razón de Salud de los Jueces, y se devuelve el caso a dicha Comisión para procedimientos ulteriores consistentes con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo